### In re SALABERRY.

#### (District Court, N. D. California. February 5, 1901.)

BANKRUPTCY—ADJUDICATION ON VOLUNTARY PETITION—DISMISSAL OF PROCEEDINGS—PAYMENT OF TRUSTEE'S EXPENSES.

After a trustee in bankruptcy has been appointed on a voluntary petition, a dismissal of the proceedings, though unopposed by creditors, will not be made till payment of expenses incurred by the trustee in employing an attorney, and properly found to be reasonable by a referee.

The bankrupt was adjudged bankrupt upon his voluntary petition, and, after the appointment of a trustee, filed his petition asking for a dismissal of the proceeding. The creditors made no opposition to such dismissal, but the trustee filed objections upon the ground that expenses incurred by him in the employment of an attorney to assist him in the discharge of his duties had not been paid. The matter was referred to the referee to ascertain and report the facts in relation to the matters alleged by the trustee. The referee found that the trustee had employed an attorney to assist him in matters pertaining to the estate in bankruptcy, and that the reasonable value of the services rendered by such attorney was $25.

McNab & Hirsch, for bankrupt.
W. G. Poage, for trustee.

DE HAVEN, District Judge. Upon the facts found by the referee, it must be held that the expense incurred by the trustee in the employment of an attorney in matters relating to the administration of his trust is a proper charge against the estate of the bankrupt, and, until paid, the bankrupt is not entitled to a dismissal of the proceeding. The bankrupt's petition for dismissal will therefore be denied, but without prejudice to its renewal upon filing with the court the certificate of the referee showing that all costs and expenses incurred by the trustee in the administration of the estate have been paid. In the meantime the trustee is directed to proceed at once to the discharge of the duties imposed upon him by section 47 of the bank-

ruptcy act, and collect and reduce to money the property of the estate as expeditiously as is compatible with the best interests of the parties in interest. This opinion will be certified to the referee, and the case is referred to him for further proceedings.