In re LAVINE.

No. 30159.

District Court, E. D. New York.
Oct. 18, 1937.

Sydney Basil Levy, of New York City, for petitioner.

Hotchner & Finn, of New York City (John F. Finn, Jr., of New York City, of counsel), for trustee.

## MOSCOWITZ, District Judge.

This is a motion by the bankrupt to dismiss the voluntary petition in bankruptcy and to vacate the order of adjudication.

The schedules in bankruptcy list the following creditors:

"Martha Adelman,
 1360 Ocean Avenue,
 Brooklyn, New York.     $3,030.45
Jane Bautz,
 225 Fifth Avenue,
 New York City.     1,000.00

James Breeze, as Administrator of the Goods, Chattels and Credits of Robert Breeze, deceased, c/o Hotchner & Finn, Esqs., 250 West 57th Street, New York City.     $5,923.35
City of New York, Municipal Building, New York City.     2,961.68"

The claim of James Breeze and that of the city of New York was based upon a judgment obtained prior to the filing of the voluntary petition in bankruptcy. Subsequent to the filing of the petition, on the 29th day of January, 1937, the judgment was reversed, therefore James Breeze, as administrator of the goods, chattels, and credits of Robert Breeze, deceased, and the city of New York are no longer creditors of the bankrupt. Annexed to the moving papers are the written consents duly acknowledged of Martha Adelman and Jane Bautz, being the only creditors of the bankrupt, consenting to the dismissal of the voluntary petition in bankruptcy and the vacation of the adjudication in bankruptcy.

On the return day of this motion there appeared Hotchner & Finn, Esqs., as "Attorneys for Trustee," who have submitted affidavits and a memorandum in opposition to the motion. These attorneys have no standing as attorneys for the trustee as there is no order on file authorizing their employment. Under the rules a trustee cannot employ an attorney without an order of the court. The appearance by Hotchner & Finn, Esqs., as "Attorneys for Trustee," is therefore unauthorized.

The bankrupt raises a question that the trustee is not entitled to notice of this application. Section 59g of the Bankruptcy Act (11 U.S.C.A. § 95(g) provides: "A voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners or for want of prosecution or by consent of parties until after notice to the creditors, and to that end the court shall, before entertaining an application for dismissal, require the bankrupt to file a list, under oath, of all his creditors, with their addresses, and shall cause notice to be sent to all such creditors of the pendency of such application, and shall delay the hearing thereon for a reasonable time to allow all creditors and parties in interest opportunity to be heard.

Section 58a (8) of the Bankruptcy Act (11 U.S.C.A. § 94(a) (8) provides: "Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterwards filed with the papers

364

in the case by the creditors, unless they waive notice in writing, of \* \* \* (8) the proposed dismissal of the proceedings."

Certainly, a trustee in bankruptcy is entitled to notice of an application of this kind as he is required to account for the assets that come into his hands, and be paid his fee as provided by law, and other authorized expenditures such as attorneys' services and accountants' services.

The moving party herein will not be required to serve motion papers upon the trustee in view of the fact that he has appeared herein and filed affidavits in opposition to the motion.

The trustee claims that the bankrupt committed perjury before the referee in bankruptcy and that therefore this proceeding should not be dismissed; that, undoubtedly, should be the law, but that is a matter that must be addressed to the legislative rather than to the judicial branch of the government. In this case there are but two creditors and they consented to the dismissal of the proceeding. The court, therefore, has no alternative but must, under section 59g and section 58a (8) of the Bankruptcy Act, dismiss the petition. The dismissal of this petition will not prevent prosecution of the bankrupt, and if a crime has been committed it is the duty of the trustee to call the attention of the United States attorney thereto.

The motion to dismiss the voluntary petition is granted and the order of adjudication is vacated.

Settle order on five days' notice, and serve a copy thereof on the trustee in person or by registered mail.