In the Matter of INTERNATIONAL AIRPORT INN PARTNERSHIP, Debtor.

Margaret G. SCHROEDER et al., Petitioners-Appellants,

v.

INTERNATIONAL AIRPORT INN PARTNERSHIP, Respondent-Appellee.

No. 74–1601.

United States Court of Appeals, Ninth Circuit.

May 19, 1975.

---

Robert M. Cook, Phoenix, Ariz., for petitioners-appellants.

Anthony O. Jones, Phoenix, Ariz., for respondent-appellee.

## OPINION

Before MOORE,* HUFSTEDLER and WALLACE, Circuit Judges.

PER CURIAM:

Appellants are the major creditors of the International Airport Inn Partnership ("debtor"), a partnership once having as its principal asset a motel that was owned subject to the substantial claims of secured creditors. They appeal from a judgment of the United States District Court for the District of Arizona affirming a Referee's dismissal of debtor's original petition filed pursuant to Section 322 of the Bankruptcy Act, 11 U.S.C. § 722, for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq. The motion to dismiss was granted[1] pursuant to Section 59g[2] of the Bankruptcy Act, 11 U.S.C. § 95(g), which governs dismissals upon the application of a petitioner. *See* 9 Collier on Bankruptcy, ¶ 10.04 at 493 & n.15.

Section 59g is analogous to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which controls voluntary dismissals in civil actions, and essentially the same principles govern dismissals under either provision. Stern v. Barnett, 452 F.2d 211 (7th Cir. 1971); *see* C. Wright & A. Miller, Federal Practice and Procedure § 1016 (1971; Supp.1974). Ordinarily, the granting of a voluntary motion to dismiss rests within the sound discretion of the Referee and is reversible only for an abuse of that discretion.

---

* Honorable Leonard P. Moore, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

1. As initially filed, the motion to dismiss was based on the ground that the Petition for Arrangement was not consented to by all of the partners (R. 256). However, apparently at the instance of the Receiver, the Referee treated it as a voluntary motion to dismiss under Section 59g (R. 289).

2. Section 59g, 11 U.S.C. § 95(g) provides in pertinent part:

A voluntary or involuntary petition shall not be dismissed upon the application of the petitioner or petitioners . . . until after notice to the creditors as provided in section 94 of this title, and to that end the court shall, upon entering an application for dismissal, require the bankrupt to file a list . . . of all his creditors, with their addresses, shall cause such notice to be sent to the creditors of the pendency of such application and shall delay the hearing thereon for a reasonable time to allow all creditors and parties in interest an opportunity to be heard. . . .

Stern v. Barnett, supra; Blue Mountain Construction Co. v. Werner, 270 F.2d 305 (9th Cir. 1959), cert. denied, 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960). And unless dismissal will cause some plain legal prejudice to the creditors, it normally will be proper. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 at 165 (1971).

 We see no indication in this case that the Referee abused his discretion in granting the dismissal. The Referee observed that the matters raised by the petition were extremely complex, possibly raising issues that would merit a jury trial and therefore be beyond his competence to adjudicate. In this connection, there was pending at the time of the dismissal an action brought by these appellants in state court. Furthermore, the motel, the principal asset of the partnership, had been forfeited out in favor of the secured creditors after the debtor had been unable to obtain a suitable offer to purchase the property. As a result, the Referee noted that these assets might be insufficient to assure payment of administrative expenses incurred by reason of the arrangement proceedings.

The appellants have pointed to nothing which in our view amounts to plain legal prejudice. The dismissal occurred early in the proceedings, less than two months after the filing of the petition and before the appointment of a trustee or a creditors' committee. The appellants are free to pursue their remedies in state court, and because Section 391 of the Bankruptcy Act, 11 U.S.C. § 791, suspends the running of all periods of limitations prescribed by the Bankruptcy Act during the pendency of proceedings under Chapter XI, the dismissal did not prejudice the appellants' right to commence involuntary bankruptcy proceedings.

Nor was it improper for the Referee to refuse to hear testimony at the dismissal hearing pertaining to the individual assets of the partners, which may have been reachable through the arrangement. The proceedings to that point presented a fairly substantial record upon which the Referee could make a decision. The creditors and the Receiver had submitted written responses to the motion to dismiss, and apparently the Referee felt that the testimony would be superfluous. Cf. Chase v. Ware, 41 F.R.D. 521 (N.D.Okl.1967). We cannot say that he erred in arriving at this conclusion.

In the absence of significant legal prejudice to the appellants, the granting of the debtor's motion to dismiss the Chapter XI proceedings was not improper. Accordingly, the judgment of the district court is affirmed.

Affirmed.