In re Thomas Abraham **GALLMAN** III, Debtor.

Bankruptcy No. 80–00803A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 11, 1980.

William Olsen, Decatur, Ga., for petitioner.

Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for respondent.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTOR'S MOTION TO DISMISS AND TRUSTEE'S APPLICATION FOR PAYMENT OF ATTORNEYS' FEES

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The debtor in this Chapter 7 case filed his petition on March 11, 1980. The petition lists debts of approximately $9,000 and assets of approximately $1,000. All assets were claimed as exempt property. A § 341 meeting of creditors was held on April 14, 1980. During the § 341 meeting the debtor testified that he had transferred his one-half undivided interest in his residential property to his wife in September in 1978.

On April 18, 1980 the trustee applied for and received authority to employ legal counsel to represent him in regard to the debtor's estate. Shortly thereafter, the trustee's counsel conducted Rule 205 examinations of the debtor and the debtor's spouse. During these examinations both the debtor and his spouse admitted that the 1978 transfer of the debtor's residential property had occurred and that the consideration for the transfer was love and affection.

Based on the examination of the debtor and his spouse and review of the relevant deed records, counsel for the trustee concluded that the debtor's transfer of his interest in his residential property to his wife constituted a conveyance which could be avoided by the trustee pursuant to § 544(b) of the Bankruptcy Code. Counsel for the trustee also was of the opinion that the debtor's equity interest in the property, even after allowance of the homestead exemption, would be sufficient to pay all of the debtor's unsecured creditors. Accordingly, counsel for the trustee informed the debtor's counsel that the trustee would file

an adversary proceeding in the Bankruptcy Court to avoid the transfer of the debtor's interest in his residential property to his wife.

■ After being informed of the trustee's intention to seek to avoid the transfer of the debtor's interest in his residential property, the debtor filed a motion for voluntary dismissal of his bankruptcy petition. Upon receipt of this motion, the Clerk of the Bankruptcy Court sent an "Order and Notice" to all interested parties. This notice informed all interested parties that the debtor had filed a motion to dismiss pursuant to § 707 of the Bankruptcy Code and it further notified all parties who objected to the dismissal to appear in the Bankruptcy Court on July 7, 1980. The "Order and Notice" was a standard form used by the Clerk's office and contained no mention of the trustee's potential suit for recovering some assets for the estate.[1]

No creditors appeared to object to the debtor's motion to dismiss at the hearing held on July 7, 1980; however, counsel for the trustee appeared and objected to the dismissal upon the ground that the trustee had incurred attorneys' fees and the estate had no funds to pay those fees.

Subsequently, the trustee filed an application for payment of his attorneys' fees, and, after notice to all parties in interest, a hearing was held by the Bankruptcy Court. Again, only the debtor and the counsel for the trustee appeared at the hearing.

## ORDER

■ After notice and a hearing on the debtor's *Motion to Dismiss* and the trustee's Application for Payment of Trustee's Attorneys' Fees, it appearing to the Court that no Creditors have objected to the debtor's motion, and the Court finding that the trustee's attorneys' fees were a necessary and reasonable expense of investigating the estate, and that payment of reasonable and necessary expenses are a prerequisite to allowance of voluntary dismissal, it is hereby:

ORDERED that the debtor herein pay the Trustee $1,301.00 as attorneys' fees and $121.40 as reimbursement of expenses;

The Court having been informed that Mr. Sam Plowden, Chapter 13 Trustee for this Court is holding $733.43 belonging in this debtor's estate, said funds representing a federal tax refund of the debtor and debtor's spouse which was mistakenly paid to Mr. Plowden as Trustee; and it is further

ORDERED that Mr. Plowden turn over said fund to the Trustee herein to be applied to Trustee's attorneys' fees and expenses; and it is further

ORDERED that the Debtor herein pay the Trustee herein the balance of Trustee's attorneys' fees and expenses as follows: $200 within thirty (30) days of the date of this Order; $200 within sixty (60) days of the date of this Order and, $288.97 within ninety (90) days of the date of this Order; and it is further

ORDERED that the debtor's Motion to Dismiss be granted upon a showing to this Court that the debtor has completed payment of the aforementioned Trustee's attorneys' expenses.

---

1. It is the opinion of the Court that in order to *fully* inform the creditors they should be notified of the action of the trustee and thus the probable reasons for the debtor's motion for voluntary dismissal. The notice of voluntary dismissal should contain relevant information reciting the trustee's prior actions in attempting to recover or liquidate assets and administer the estate and the possibility, at least as contended by the trustee, that assets will be recovered for distribution to unsecured creditors.