In the Matter of Lenora K. HARVELL, Bankrupt.

Bankruptcy No. 78–117–BK–5.

United States Bankruptcy Court, E. D. North Carolina.

April 2, 1980.

Edgar R. Bain, Lillington, N.C., for debtor.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard on the bankrupt's Motion to Dismiss the petition in bankruptcy. The bankrupt is represented by Mr. Edgar R. Bain, Attorney at Law, Lillington, North Carolina. The Motion to Dismiss was not resisted by creditors or the trustee. The bankrupt did not appear at the hearing and no evidence was offered to support the motion. After reviewing the case file and considering the brief filed by counsel for the bankrupt, the undersigned finds the following facts:

### Findings of Facts

The bankrupt filed a voluntary petition in bankruptcy on June 21, 1978. The bankrupt is married to Roy B. Harvell and he has not filed a petition in bankruptcy. On February 9, 1979, the undersigned entered an order delaying the entry of the discharge, lifting the stay and allowing a creditor, FCX, Inc. to proceed with a civil action in State Court in an effort to obtain a Judgment and thereby create a lien on property owned by the Harvells as tenants by the entirety. The property owned as tenants by the entirety is not an asset in this proceeding. There has been no evidence presented by the bankrupt showing a change in circumstances since the petition was filed.

The case file indicates that the only assets scheduled by the bankrupt are two parcels of land owned as tenants by the entirety with her husband. The only liabilities scheduled are two creditors with deeds of trust on the land and one unsecured creditor, FCX, Inc.

The bankrupt's petition in bankruptcy was filed in 1978. Under the Bankruptcy Act in effect at this time, the only exemptions to which the bankrupt is entitled are the exemptions under the laws of the State of North Carolina.

In 1979, the Bankruptcy Reform Act became effective. Under the new Act, a Federal Exemption equivalent to a value of $7,500.00 per person is allowed in real property. There is no indication in the file that FCX's civil action against the bankrupt and her husband has been concluded.

### Issue

The issue in this case is whether or not the bankrupt's Motion to Dismiss should be allowed.

## Consideration of Issue

Counsel's argument in support of the motion is addressed to the discretion of the Court and equitable principles. However, the situation created by the enactment of the Bankruptcy Reform Act provides opportunities for bankrupts which did not exist in the State prior to October, 1979.

Under the law in effect in 1978, when the petition in this case was filed, the only exemption in real property to which the bankrupt and her husband were entitled was the Homestead Exemption. This exemption is a limited right to the use of real property with a value not to exceed One-Thousand Dollars. However, in October, 1979, when the new Bankruptcy Reform Act became effective, a new Federal Exemption was created and each debtor became entitled to claim an exemption in real property with a value of Seven-Thousand, Five-Hundred Dollars.

The petition in this case reflects that the only property owned by the bankrupt is property owned as tenants by the entirety with her husband. Roy B. Harvell, husband of the bankrupt, has not filed a petition in bankruptcy and hence the entirety property is not an asset in this proceeding. The liens against the real property are scheduled at $27,500.00. The value of the real property is scheduled at $53,000.00. There is an equity of $25,500.00 in the real property. A suit is now pending in State Court, which, if successful, will subject the property to a further lien of about $36,000.00.

If this proceeding is dismissed and both Mr. and Mrs. Harvell then file petitions in bankruptcy under the now existing law, they will be entitled to claim the equivalent of $15,000.00 equity in the real property as a part of their Federal Exemption. If the Motion to Dismiss is denied and the unsecured creditor is successful in obtaining a Judgment which creates a lien on the property, then the bankrupt and/or her husband will be limited to the Homestead Exemption under the North Carolina Law.

The opportunities for the bankrupt to improve her position are apparent. The possible detriment to FCX is substantial.

## Conclusions of Fact and Law

The undersigned concludes that to dismiss this petition under the present circumstances would not be in the best interest of creditors and would provide the bankrupt with an opportunity to substantially improve her position with a greatly enlarged exemption if she were inclined to exercise the rights to refile a petition in bankruptcy under the Bankruptcy Reform Act. Accordingly, the Motion to Dismiss should be denied.