**In re Larry James HALL and Carolyn Hall, Debtors.**

**David A. GILL, Appellant,**

v.

**Larry James HALL and Carolyn Hall, Appellees.**

**BAP No. CC–81–1004–KHG.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 16, 1981.

Decided Dec. 4, 1981.

Jeanene Moenckmeier, St. Louis, Mo., for appellant.

George Deukemejian, Atty. Gen., Barry D. Ladendorf, Deputy Atty. Gen., San Diego, Cal., for appellees.

## OPINION

Before KATZ, HUGHES and GEORGE, Bankruptcy Judges.

KATZ, Bankruptcy Judge:

David A. Gill, trustee, appeals the December 19, 1980 order granting the debtors' motion to dismiss their bankruptcy. The trustee claims that the court abused its discretion in dismissing the petition on the grounds that there was no finding of "cause" as required under 11 U.S.C. § 707 and that the notice of motion did not state sufficient facts to constitute proper notice.

The appeal herein was unopposed by the debtors. The debtors did not file a brief nor did they appear and argue at the hearing set for this matter. The Bankruptcy Appellate Panel, however, has weighed all possible arguments which could have been made by the debtors in rendering this opinion.

The law and facts in this case compel the panel to reverse and remand with an order that the case be reinstated on the court's docket and the order dismissing the debtors' petition be vacated.

The facts in this case are fairly simple. On October 8, 1980 Larry and Carolyn Hall filed a Chapter 7 bankruptcy petition. Apparently the debtors paid $250 to Glymph and Glymph Professional Services for assistance in preparing their petition. Glymph and Glymph also helped the debtors prepare a declaration of homestead which was not recorded prior to the October 8, 1980 Chapter 7 petition. The trustee objected to the debtors' claim of exemptions on the grounds that a declaration of homestead had not been filed. The trustee claims there is some $18,000 in equity in the debtors' home.

On November 10, 1980 the debtors wrote the court a letter on Glymph and Glymph stationary. The letter simply stated:

"Petitioners in the above matter prays the court to terminate the above case now in process. The homestead on petitioner's real property was filed late, therefore we are filing a new petition. Thank you for your cooperation in this matter."

In addition, also on November 10, 1980, the debtors filed a second Chapter 7 proceeding with the clerk of court.

The trial judge deemed the aforementioned letter to be a motion to dismiss and, on November 18, 1980, noticed a hearing for December 17, 1980. The notice to creditors stated the date, time and place of the hearing to act upon the "DEBTORS' MOTION TO DISMISS THEIR BANKRUPTCY PROCEEDINGS FILED UNDER CHAP-

TER 7." The trustee opposed the motion. No objections to the motion were filed by creditors.

An initial issue is whether the trustee has standing to object to the debtors' motion to dismiss. A line of cases both under the Act and the Code have sought to limit the ability of the trustee to object to the debtors' motion to dismiss a voluntary bankruptcy only for the purpose of securing his costs and expenses. *See In re Jackson*, 7 B.R. 616 CCH Bankruptcy Law Reporter ¶ 67,765 (Bkrtcy.E.D.Tenn.1980); *In re Wirick*, 3 B.R. 539, 6 B.C.D. 354 (Bkrtcy.E.D.Va.1980); *In re Underwood*, 7 B.R. 936, 7 B.C.D. 130 (Bkrtcy.S.D.W.V.1981) (limits rule in *Wirick*, supra, to cases where there has been proper notice); *See also In re Riordan*, 95 F.2d 454 (7th Cir. 1938); *In re Lavine*, 20 F.Supp. 362 (D.C.N.Y.1937); *In re Salaberry*, 107 F. 95 (D.C.Cal.1901).

Judge Shelley in *In re Wirick*, supra, held that the trustee has standing to object only for the purpose of insuring that his fees, costs and expenses are paid prior to the dismissal. The court stated that "a reading of the Bankruptcy Reform Act sections cited does not reflect a substantive change in the trustee's rights, duties and powers as they existed under the Bankruptcy Act..." *In re Wirick*, supra, 3 B.R. at 542, 6 B.C.D. at 355. This panel, however, is hard pressed to accept the limitations upon the trustee's power as would be mandated by both *In re Wirick*, supra and *In re Jackson*, supra.

The court in both cases relied heavily on the law stated in *In re Lavine*, supra, *In re Riordan*, supra, and *In re Salaberry*, supra. In both *In re Riordan*, supra, and *In re Lavine*, supra, all creditors of the debtor had submitted their written consent to the dismissal motion. In *In re Salaberry*, supra, the trustee only objected for the purpose of securing his fees and costs. Where all creditors affirmatively consent to the debtors' motion to dismiss it clearly follows that the trustee only has standing to object on the grounds that his fees, costs or expenses must be paid before the case may be dismissed. However, to the extent the above cases would further limit the trustee's standing to object in all other cases, this panel holds that the intent of the Bankruptcy Reform Act is better served by granting the trustee a more expanded role in the dismissal process.

Section 707 merely provides that:

"The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; and

(2) non-payment of any fees and charges required under Chapter 123 of Title 28."

Section 704 provides a list of essential duties which the trustee is to perform. Section 704(1) states that the trustee shall "collect and reduce to money the property of the estate for which such trustee serves and close up such estate as expeditiously as is compatible with the best interests of parties in interest." This section does not provide the trustee with the duty to object to the debtors' motion to dismiss. However, that may be inferred from his duty to collect and reduce to money property of the estate.

The legislative history of §§ 707 and 704 does not provide us with any specific guidance on this issue. Section 704 as first presented in H.R. 8200 and S. 2266 was virtually identical to its wording as enacted except that the provision for notice and hearing was added by amendment just prior to its enactment. See 124 Cong.Rec.H. 11089 (September 28, 1978). Section 704 as enacted is identical to its wording in H.R. 8200. The additional requirement of S. 2266 which provided that the trustee must give constructive notice of the commencement of a case was deleted prior to the Code's enactment. See 124 Cong.Rec. 11098 (September 28, 1978).

A review of the Code and Rules is also inconclusive. Although the Code is replete with numerous powers of the trustee to bring suit on behalf of the debtor, recover, sell or use estate property, object to claims and file claims on behalf of unsecured creditors it fails to address the trustee's standing to object to a debtor's motion to dismiss.

A key to this panel's holding can be found in some of the fundamental purposes behind the Bankruptcy Reform Act of 1978. Pursuant to Public Law 91–354, effective July 24, 1970, the Commission On The Bankruptcy Laws of the United States was established. The result of the Commission's work was the filing of an indepth two part report. See H.R. Doc. No. 93–137, 93d Cong., 1st Sess., Pt. I and II (1973) [Commission Report]. In addressing the issue of bankruptcy administration the Commission concluded that many abuses had occurred under the Act because the theory underlying the administrative structure of the Act, that of creditor control, had broken down. Several reasons for this breakdown were stated, including that, in small and no-asset cases, creditors were not interested in policing the Act; and where creditors had not supervised and directed administration this had been shifted to the courts. Commission report at 104–106. Ultimately the Commission recommended that many of the administrative problems could be remedied by turning over the administration of the bankruptcy system to an independent governmental agency. Commission Report at 123.

The spirit of the Commission's report is reflected in both the provisions relative to the U. S. Trustee system and § 102(1) relative to notice and hearing procedures. The U. S. Trustee system was originally presented in H.R. 8200. It was felt by the House that under the Act judges were overly involved in both the judicial and administrative aspects of bankruptcy and therefore the judge must be separated from the administrative functions. The administration of the cases was then to be turned over to an independent agency which came in the form of the U. S. Trustee. The Senate, however, disagreed with the House approach. The result was an amendment to H.R. 8200 to include a 5 year U. S. Trustee system in eighteen pilot districts. See generally 124 Cong.Rec.H. 11088–89 (September 28, 1978). The Central District of California is a pilot district. 11 U.S.C. § 1501.

The flexible notice and hearing rules under § 102(1) were also intended to pull the judge out of the administrative process. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 315, U.S.Code Cong. & Admin. News 1978, p. 5787. This rule was also intended to restrict the court from acting sua sponte. 124 Cong.Rec.H. 11,090 (September 28, 1978).

The so-called myth of creditor control is apparent in the case of *In re Sig. H. Rosenblatt & Co.*, 193 F. 638, 641 (2d Cir. 1912), which states that where practically all creditors assent to dismissal, either affirmatively or by failure to oppose, it should be dismissed. Thus, a creditor was deemed to assent to the dismissal when he failed to object.

Given that the Bankruptcy Reform Act was in part promulgated to remedy the breakdown in creditor control this panel is of the opinion that it is the trustee who must bring to the court any possible arguments on behalf of unsecured creditors. After. all it is the trustee who represents the estate and its creditors in determining what lawsuits, if any, should be brought on behalf of the estate. See 11 U.S.C. § 323. The trustee is also better suited to weigh all the factors which might be relevant to whether a dismissal should be allowed. Where a small unsecured creditor may fail to recognize the ramifications of a dismissal motion the trustee will be able to protect that creditor's interest. Unless the creditor affirmatively consents to the dismissal the trustee will have standing to object on that creditor's behalf.

The trustee also argues that there was no showing of "cause" for the dismissal. The legislative history of § 707 provides that the stated causes in § 707(1), (2) are not exhaustive, but merely illustrative House Report No. 95–595, 95th Cong., 1st Sess., (1977) 380. The term "for cause," however is not defined in the Code. Bankruptcy Rule 120 also fails to define the term.

Under the Act section 59(g) (11 U.S.C. § 95(g)) was found to be analogous to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which controls voluntary dismissals in civil actions. *In re Matter of International*

*Airport Inn Partnership*, 517 F.2d 510 (9th Cir. 1975). Under normal dismissal standards the granting of a voluntary motion to dismiss rests within the sound discretion of the judge and is reversible only for an abuse of discretion. See *Stern v. Barnett*, 452 F.2d 211 (7th Cir. 1971); *Blue Mountain Construction Co. v. Werner*, 270 F.2d 305 (9th Cir. 1959) *cert. denied*, 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960).

In the case of *In re Matter of International Inn Partnership*, supra, the 9th Circuit Court of Appeals created a test for voluntary dismissals by holding that "unless dismissal will cause some plain legal prejudice to the creditors, it normally will be proper."[1] This Panel can find no authority or changes in the Code which would command a change in the law under the Act.

In the present case the objections to exemptions filed by the trustee, if sustained, would provide a payment to unsecured creditors. If the debtor were to dismiss, file a homestead and then file a new bankruptcy there would be no distribution to unsecured creditors. Clearly, the dismissal in this case caused "some plain legal prejudice" to the creditors, and therefore the motion to dismiss should have been denied unless all creditors affirmatively consented to the dismissal.

The trustee also argues that the notice was defective in that it didn't state enough facts to enable creditors to rationally form an opinion on the motion. Section 102(1)(A) defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances." The legislative history provides that the necessary notice is to be prescribed by either the Rules of Bankruptcy Procedure or by the court in individual circumstances which the Rules do not cover. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 315. At present the new Rules have yet to be promulgated.

The case of *In re Gallman*, 6 B.R. 1 (Bkrtcy.N.D.Ga.1980) addressed the issue of notice in dictum. Therein the debtor voluntarily filed a Chapter 7 in which all assets were claimed exempt. At the § 341 hearing an unscheduled transfer of real property was discovered. The trustee employed counsel to seek recovery of the transfer. If the property were recovered all unsecured creditors would have received a 100% dividend. The debtor learned of the trustee's intention and sought to dismiss. The notice to creditors did not mention the trustee's potential suit for recovering assets for the estate. The court stated "it is the opinion of the court that in order to fully inform creditors they should be notified of the action of the trustee and thus the probable reasons for the debtor's motion for voluntary dismissal. The notice of voluntary dismissal should contain relevant information reciting the trustee's prior actions in attempting to recover or liquidate assets and administer the estate and the possibility, at least as contended by the trustee, that assets will be recovered for distribution to unsecured creditors." *In re Gallman*, supra at Fn.2.

While this Panel is not willing to go as far as *In re Gallman*, supra, procedural due process requires more than what was contained in the notice in this case. The notice merely stated that a hearing was to be held on the debtors' motion to dismiss. In order for creditors to rationally assess a debtor's motion to dismiss we hold that the notice must at a minimum contain a brief description of the grounds that would constitute "cause" for granting the motion. Since we have held that the trustee has standing to object to such a motion on behalf of creditors we do not believe such a detailed description of the trustee's actions as was indicated in *In re Gallman* is necessary.

A question has arisen as to whether the decision below would be proper as relief from a judgment or order under Bankrupt-

---

1. Other cases have also tested dismissal motions by determining whether the dismissal would be in the best interests of creditors. *In re Blue*, 4 B.R. 580 (Bkrtcy.D.Md.1980); *In re Harvell*, 3 B.R. 339 (E.D.N.C.1980). This test is analogous to the standard adopted in the present case.

cy Rule 924 and F.R.C.P. § 60(b). Federal Rules of Civil Procedure § 60(b) provides "(o)n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect..." While it is conceivable that the debtors may have failed to file their homestead because of some clerical error or similar misfortune the record in this case does not support a finding of excusable neglect. The letter before this court only stated that the homestead was filed late. No indication is made that the filing of the petition was not the result of a deliberate act.

■ Rule 60 was not intended to relieve a party of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise. *Federal's Inc. v. Edmonton Investment Co.*, 555 F.2d 577 (6th Cir. 1977). The Panel realizes in this case that the debtors were acting in pro per. California law has stated that "(w)hile it is the duty of a trial judge presiding over the trial of a case being conducted by a layman or a laywoman in propria persona to see that a miscarriage of justice does not occur through inadvertence, he is not required to act as counsel for that party in the presentation of evidence. (Citations omitted). A layperson, who is not indigent, and who exercises the privilege of trying his own case must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse," *Taylor v. Bell*, 21 Cal.App.3d 1002, 1008–9, 98 Cal.Rptr. 855 (1971).

Recording a homestead before filing a bankruptcy petition is common practice in the Central District of California. The failure to do so carries with it certain unavoidable consequences. This Panel has never been inclined to excuse an attorney from failing to file a homestead and therefore would not grant any special dispensations to debtors who seek to file their own petitions with or without the help of a firm like Glymph and Glymph.

HUGHES, Bankruptcy Judge, concurring:

I concur. The order of dismissal, being to the plain legal prejudice of creditors, was an abuse of discretion. Furthermore, the trustee had standing to oppose dismissal in the absence of unanimous creditor consent to dismissal. I write separately for three reasons.

First, I would rest the trustee's standing solely on his role as representative of the unsecured creditors and his statutory duty to collect the estate on behalf of creditors. 11 U.S.C. § 704(1). In my view, the panel's search for guidance in the Code's legislative history is unnecessary and unproductive.

Second, I am satisfied that the notice given in this case was adequate. All creditors were on notice that the debtors sought dismissal of their cases; interested creditors could learn why by attending the hearing.

I deem it particularly unfortunate that the panel places additional burdens on already overworked clerks' offices based upon *In re Gallman*, 6 B.R. 1 (Bkrtcy.N.D.Ga. 1980). That court did no more than state what a notice should contain "in order to *fully* inform the creditors...". [Emphasis in original]. It neither stated nor held that the notice in that case was inadequate or that it offended due process requirements. In fact, dismissal was granted in *Gallman* based on the same notice given in this case.

Third, I wish to disassociate myself from the final three paragraphs of the panel's opinion.