**In re Wayne W. MYERS, aka Wayne Myers, and Helen B. Myers, aka Helen Myers, Debtors.**

**Bankruptcy No. 281–02489–D–7.**

United States Bankruptcy Court, E. D. California.

Feb. 11, 1982.

Richard H. Travis, Jr., Travis & Travis Legal Clinic, South Lake Tahoe, Cal., for debtors.

Thomas McCampbell, Chico, Cal., for Trustee in Bankruptcy, Stanley E. Silva.

## MEMORANDUM OPINION

LOREN S. DAHL, Bankruptcy Judge.

### STATEMENT OF THE FACTS

Wayne Myers and Helen Myers, the debtors in these bankruptcy proceedings, filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code of 1978 on July 9, 1981. In their exemption Schedule B–4, both debtors elected the federal scheme of exemptions and pursuant to 11 U.S.C. section 522(d) they claimed various items of personal property to be exempt. The debtors claimed no exemptions in real property.

On August 18, 1981, Mr. Myers appeared at the regularly noticed meeting of creditors held pursuant to 11 U.S.C. section 341. The Trustee states that at this meeting of creditors Wayne W. Myers was questioned regarding the fact that neither he nor his wife had made a claim of exemption to the real property at 13544 and that he testified that the debtors did not intend to claim the property exempt. The debtors have not since controverted the Trustee's assertion as to Mr. Myers' testimony. Mrs. Myers failed to appear at this meeting and as to her the meeting was continued to September 29, 1981.

On September 4, 1981, the debtors executed and recorded in Nevada County a declaration of homestead. This document purported to affect certain real property located at 13544 Myers Place, Nevada City, California. At the time of the recordation of the declaration of homestead neither debtor lived at the 13544 Myers Place address but rather both resided at the home of relatives.

On September 8, 1981, the debtors filed an amendment to their exemption Schedule B–4. This amendment claimed an exemption in the "Residence (wife)" located at "13544 Myers Place, Nevada City, CA" pursuant to "C.C.P. § 1237" in the amount of $40,000.00. The Trustee in Bankruptcy was not given notice of this amendment until September 29, 1981, the date that Mrs. Myers appeared at her continued section 341 meeting.

On October 7, 1981, the Trustee in Bankruptcy filed an Objection to Claim of Exemption with respect to the real property located at 13544 Myers Place in Nevada City. On October 13, 1981, the debtors filed a motion to dismiss their Chapter 7 proceedings without prejudice to which motion the Trustee objects. These matters both came on for hearing on November 2, 1981.

### DISCUSSION

On July 9, 1981, the date that the debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code, all property of the debtors, including all legal and equitable interests in the real property located at 13544 Myers Place, became property of the bankruptcy estate pursuant to 11 U.S.C. section 541. The debtors' subsequent attempt to create a homestead exemption in this same real property was a nullity for they had no interest in the real property to protect.

Furthermore, the homestead exemption was defective for the reason that on the date that the debtors filed their declaration of homestead, neither debtor resided on the property but rather they resided with relatives.

In their amendment to exemption Schedule B–4 filed September 8, 1981, the debtors claimed a homestead exemption in the real

property located at 13544 Myers Place pursuant to Civil Code § 1237. Clearly, there is no homestead exemption in section 1237 of the California Code of Civil Procedure. There is, however, a homestead exemption specified in section 1237 of the California Civil Code. To give meaning to the debtors' intended claim of exemption, it must be interpreted to be made pursuant to section 1237 of the California Civil Code. As discussed above, the declaration of homestead filed by the debtors on September 4, 1981, was defective. Thus, it is not the proper subject of a homestead exemption.

■ In addition, the debtors have attempted to amend their B–4 exemption schedule to include the state homestead exemption available pursuant to California Civil Code section 1237. This is the case despite the fact that both debtors had previously elected the federal scheme of exemptions pursuant to 11 U.S.C. section 522(d). The debtors have precluded themselves from choosing the state homestead exemption by electing the federal exemption scheme. Nor have the debtors claimed a "homestead" exemption in the real property in question pursuant to 11 U.S.C. section 522(d)(1) in their amendment to Schedule B–4.

■ The Trustee in Bankruptcy timely filed an objection to the debtors' amended claim of exemption on October 7, 1981, nine days after he learned of the amended claim of exemption at the 341 meeting of September 29, 1981. As discussed above, the debtors' amended claim of exemption is defective for many reasons, and therefore the Trustee's objection is appropriate and must be upheld.

Finally, on October 13, 1981, the debtors have filed a motion to dismiss their voluntary bankruptcy petition in the event that the court should deny their amended claim of exemption in the real property. The Trustee has objected to this motion to dismiss.

■ This motion to dismiss was filed at a date too late in time to be granted by the court. Adverse interests of the creditors have already attached to the property of the estate. Creditors have relied on the position the debtors have taken in their bankruptcy schedules. The Trustee has represented that approximately $12,000.00 will be realized for the estate from a sale of the real property here in question. If the debtors are allowed to dismiss their voluntary petition, this amount will not be available at a subsequent date to those creditors who have so relied on the schedules of the debtors.

The debtors' attempt in this case to shift their position from nonexempt to exempt and from federal to state by unseasonably filed documents and amendments after administration of the estate was well under way is obviously an attempt by debtors to circumvent the Trustee's diligent administration and liquidation of the estate for the benefit of all creditors. This becomes even more apparent when viewed with the filing by debtors of a motion to dismiss this case after the Trustee filed his objections to their alleged claim of homestead exemption. *In re Korff*, 14 B.R. 189 (Bkrtcy.1981); *In re Hall, et ux*, 15 B.R. 913, 8 B.C.D. 566 (Bkrtcy.App. 9th Cir.).

For the foregoing reasons, an order will be granted sustaining Trustee's objections to debtors' claim of homestead exemption and declaring the declaration void as to the Trustee and denying the motion to dismiss.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, this Opinion shall constitute Findings of Fact and Conclusions of Law.