**In re Juan & Martha RODRIGUEZ, Debtor(s).**

**Bankruptcy No. 85–01836–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 10, 1985.

See also 55 B.R. 519.

**466**

Ashley L. Diener, Hialeah, Fla., for debtor.

Steven H. Friedman, Miami, Fla., for trustee.

Juan and Martha Rodriguez, pro se.

William Roemelmeyer, Trustee.

### ORDER DENYING DEBTORS' MOTION TO DISMISS

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 7 case was filed voluntarily on August 16. Three months later the debtors moved for voluntary dismissal alleging that:

> "At the present time, the debtor wishes to pay his creditors and no longer desires to discharge his liabilities."

The debtors also allege their opinion that dismissal is automatic and would not require a hearing before the court.

The motion was heard on December 9. Title 11, § 707(a) is controlling. It provides that:

> "The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors; or (2) nonpayment of any fees or charges required under chapter 123 of Title 28."

It is clear, therefore, that the debtors may not voluntarily dismiss a chapter 7 case without notice to all affected parties, which would include at least all creditors and the trustee, and without a hearing. A hearing necessarily presumes the exercise of some discretion by the court and a court order. I agree with the analysis in *Collier on Bankruptcy*, ¶ 707.01, notes 2 and 2a, (15th Ed. 1985), which concludes that the trustee has standing not only on his own behalf but also on behalf of creditors to oppose a voluntary dismissal. In this instance, the trustee opposes the dismissal.

The trustee successfully opposed the debtors' claim of exemptions. The trustee expects to recover the property claimed to be exempt, and if successful will be able to effect a substantial distribution to creditors. The debtors have provided no tangible assurance of their ability to pay all scheduled creditors, and since the time for filing claims against this estate has not yet expired, it is not yet certain that all creditors have been identified or that the admitted claims represent all claims of the creditors.

The trustee's argument that the bird which he considers to be within reach if not actually in hand is far more meaningful to the creditors than the bird in the bush offered by the debtors' wish to pay their creditors is persuasive to me.

The motion to dismiss is denied. *Gill v. Hall (In re Hall)*, 15 B.R. 913 (9th Cir.B.A.P.1981) reaches the same conclusion on very similar facts. Like concurring Judge Hughes, I believe that the court went further than was necessary, but I am aware of no authority for a contrary conclusion in this case.