**In re Albert Sidney ASTIN & Cynthia Pressley Astin, Debtors.**

**Bankruptcy No. 687–00030–D.**

United States Bankruptcy Court,
W.D. Virginia,
Danville Division.

Sept. 4, 1987.

Martin Donelson, III, Danville, Va., for debtors.

Lewis E. Goodman, Jr., Danville, Va., Trustee.

MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

Before the court is the motion of the debtors, Albert and Cynthia Astin ("the debtors"), to dismiss their joint Chapter 7 case without prejudice.

BACKGROUND

The debtors filed a joint petition under Chapter 7 of the Bankruptcy Code on January 16, 1987. They prepared a homestead deed claiming exempt, among other things, federal and state tax refunds they were entitled to. However, they failed to record their homestead deed within the time period prescribed by Va.Code § 34–17 (1987 Cum.Supp.). The debtors' claims of exemption were, therefore, ineffective.

Subsequently, based on an action brought by the Chapter 7 trustee, the court entered a judgment order compelling the debtors to turn over to the trustee the tax refunds they had unsuccessfully sought to exempt. According to the trustee, administration of the proceeds of the tax refunds could produce a 43.88% payout on the claims of the debtors' unsecured creditors.

On July 16, 1987 the debtors moved to dismiss their Chapter 7 case without prejudice. They seek dismissal of their case in order to refile their homestead deed properly and thus perfect their exemption of the tax refunds.

DISCUSSION

While a Chapter 7 debtor may exercise unfettered discretion to file for bankruptcy, "he does not enjoy the same discretion to withdraw his case once it has been commenced". *In re Klien*, 39 B.R. 530, 532 (Bankr.E.D.N.Y.1984); *In re Schwartz*, 58 B.R. 923, 925 (Bankr.S.D.N.Y.1986). Section 707(a) of the Bankruptcy Code provides that the court may dismiss a Chapter 7 case "only after notice and a hearing and only for cause...." 11 U.S.C. § 707(a).

In assessing whether cause for dismissal exists, a critical consideration is whether dismissal would be in the best interests of creditors. *In re Schwartz*, 58 B.R. at 925; *In re Mathis Insurance Agen-*

*cy, Inc.,* 50 B.R. 482, 486 (Bankr.E.D.Ark. 1985). Absent affirmative consent of all creditors,[1] a debtor is not entitled to dismissal of his case where dismissal will cause legal prejudice to creditors. *In re Schwartz,* 58 B.R. at 925; *In re International Airport Inn Partnership,* 517 F.2d 510 (9th Cir.1975); *In re Williams,* 15 B.R. 655 (E.D.Mo.1981), *aff'd* 696 F.2d 999 (8th Cir.1982); *In re Hall,* 15 B.R. 913, 917 (Bankr.App. 9th Cir.1981); *In re Mathis Insurance Agency, Inc.,* 50 B.R. at 486–487; *In re Klien,* 39 B.R. at 532; *In re Martin,* 30 B.R. 24, 26 (Bankr.E.D.N.C. 1983).

██ In the court's judgment, dismissal of this case would prejudice the debtors' creditors. The trustee has already recovered a judgment against the debtors compelling them to turn over for distribution to creditors the proceeds of the tax refunds they had unsuccessfully sought to exempt. According to the trustee's calculations, administration of the tax refunds would produce a payout of 43.88% or the claim of unsecured creditors. If, however, the debtors were to dismiss their case and timely file a new homestead deed exempting the tax refunds, there would be no distribution to creditors. Dismissal of this case, therefore, would be manifestly prejudicial to creditors.

Case law confirms that the prejudice to creditors here is sufficient to preclude dismissal. The facts of this case are strikingly similar to those in *In re Hall,* 15 B.R. 913 (Bankr.App. 9th Cir.1981). In *Hall,* the Chapter 7 debtors, like the debtors in this case, failed to file their homestead deed timely. After the trustee objected to the debtors' claim of exemptions, the debtors moved to dismiss their petition in order to file a new petition and properly claim their homestead exemptions. Based on these facts, the Bankruptcy Appellate Panel for the Ninth Circuit found that dismissal would result in "some plain legal prejudice". 15 B.R. at 917. It reasoned that the objections to exemptions filed by the trustee, if sustained, would provide a payment to unsecured creditors, while permitting dismissal would result in no payments since the debtors would be able to file a new homestead deed. The Appellate Panel concluded, therefore, that dismissal of the debtors' petition was inappropriate. *See also In re Tate,* 41 B.R. 946 (Bankr.W.D. Va.1984) (debtors who improperly filed homestead deed would not be permitted to dismiss their Chapter 7 case in order to refile homestead deed and thus perfect exemptions).

The prejudice to creditors that precluded dismissal in *Hall* is the same prejudice that is manifest in this case. Like the creditors in *Hall,* the creditors in this case would not receive a distribution if the debtors were allowed to dismiss their bankruptcy case in order to refile a homestead deed properly. Accordingly, the court must conclude that the debtors are not entitled to dismissal of their case.

CONCLUSION

Based upon the foregoing, the court will enter an order denying the debtors' motion to dismiss their Chapter 7 case.

Copies of the foregoing Memorandum Opinion are directed to be mailed to: Martin Donelson, III, Esq., Counsel for Debtors; Lewis E. Goodman, Jr., Esq., Trustee, and Albert Sidney Astin and Cynthia Pressley Astin, Debtors.

---

1. Creditors in this case have neither opposed nor consented to dismissal of the debtors' case. In this circuit, there is authority for the proposition that failure to oppose dismissal does not constitute consent. *Penick v. Tice,* 732 F.2d 1211, 1213 (4th Cir.1984); *In re Pagnotta,* 22 B.R. 521 (Bankr.D.Md.1982).