**In re Warren E. SIBLE, Debtor.**

**Bankruptcy No. 88–20777.**

United States Bankruptcy Court,
D. Montana.

Jan. 9, 1989.

---

Gregory E. Paskell, Kalispell, Mont., for debtor.

Gary B. Chumrau, Missoula, Mont., for Lee Enterprises.

James E. Bartlett, Kalispell, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Debtor has filed a Motion to Dismiss the petition.

Hearing on the motion was held on January 5, 1989, together with objections filed by Lee Enterprises, Inc., a non-creditor. The Interim Trustee filed a response by motion seeking appointment of a Creditors Committee, and also opposed dismissal.

The evidence shows the Debtor filed a Chapter 7 petition on November 9, 1988, listing $123,449.00 in secured obligations and $22,458.00 in unsecured debts. On December 1, 1988, the case was scheduled for a § 341 first meeting of creditors to be held on December 21, 1988. On December 12, 1988, the Debtor amended Schedule B–2 of the bankruptcy schedules to list a contingent and unliquidated claim against "The Missoulian, et al.", pending in state court. Lee Enterprises, Inc. (Lee) is the owner of The Missoulian, a daily newspaper. On December 20, 1988, the Debtor filed a Motion to Dismiss the bankruptcy on grounds the first meeting of creditors had not yet been held, that "there is no prejudice to the creditors and that the Debtor is now more able to handle his financial matters outside of bankruptcy". On December 17, 1988, Lee Enterprises filed an objection to the Debtor's Motion to Dismiss, stating, in part, that Lee is a party defendant in a state court libel action brought by the Debtor, which resulted in a state court verdict for Lee, and which verdict was reversed on appeal by the Montana Supreme Court, which ordered a new trial. *See, Sible v. Lee Enterprises, Inc., et al.,* 729 P.2d 1271 (Mont.1986). Lee's objections state that Lee offered on December 16, 1988, to settle the litigation with the Trustee for $15,000.00, and since said settlement proceeds constitute the only non-exempt assets of the estate, it would be prejudicial to the creditors to dismiss the bankruptcy petition, since such dismissal would deny the creditors a distribution of the proceeds of settlement. The Debtor argues Lee has no standing to object to the motion because it is not a creditor.

On December 28, 1988, the Debtor again amended the bankruptcy schedules by including three additional unsecured creditors. For reasons not explained in the file or at the hearing, the Section 341 hearing was not held on December 21, 1988. On December 30, 1988, the Interim Trustee moved the Court to appoint a Creditors Committee to conduct a settlement conference with Lee over the pending litigation. The Trustee correctly contends the Debtor has failed to evaluate the Lee claim in the schedules, and the Trustee considers the litigation will be extended and uncertain of outcome. The Trustee does note, and so stated at the hearing, that the Lee offer may be subject to increase, and since the Debtor has filed his intention to reaffirm all of the secured debt, the proceeds are available to the unsecured creditors. Thus, the settlement offer from Lee offers the unsecured creditors a realistic method for payment in part of the unsecured claims. Consequently, the Trustee opposed the Motion to Dismiss. Such opposition to the Motion to Dismiss renders the standing question raised by the Debtor as to Lee moot, for clearly the Trustee has standing to object to the merits of the Debtor's motion. *See, In re Hall,* 15 B.R. 913 (9th Cir. BAP 1981), (unless creditors affirmatively consent to dismissal, the Trustee has standing to object).

At the hearing, the Debtor testified he was a salaried employee of the Sheriff's Department in Flathead County, Montana, and had verbal contact with some, not all, of his unsecured creditors regarding a work-out of their claims. The contact, however, was vague and not specific as to the Lee offer of settlement. The Debtor admitted, contrary to his motion, that his family income had decreased since the filing of his petition due to the loss of a part-time job by his wife, although he stated his wife has some independent funds to help with household expenses. No written agreements with unsecured creditors as to payment of their claim was presented by the Debtor, although the negotiations have been on-going for over three months. None of the unsecured creditors have filed a written consent to the dismissal. Further, the Debtor admitted he had insufficient resources from his present income and assets to pay the unsecured creditors, and was uncertain as to what amount each creditor would receive, if any, outside of

bankruptcy. As a last resort, counsel for the Debtor stated the Debtor would be willing to convert the case to Chapter 13, but no formal motion has been filed seeking such relief. Based on the foregoing, it seems clear to the Court, and I so find, that the Debtor has no present ability to satisfy his unsecured creditors outside of bankruptcy, and the most realistic manner to provide the unsecured creditors payment on their claims would be from settlement of the state court action against Lee.

*In re Kimble*, 6 Mont.B.R. 342, 96 B.R. 305 (Bankr.Mont.1988), adopted the rationale of the "plain legal prejudice" rule articulated in cases such as *In re Hall*, supra; *In re Geller*, 74 B.R. 685 (Bankr.E.D.Pa. 1987); *In re International Airport Inn Partnership*, 517 F.2d 510 (9th Cir.1975); and *In re Kimball*, 19 B.R. 300 (Bankr.Me. 1982), in granting or denying a Motion to Dismiss. *Hall*, supra, is particularly supportive of a denial of the Debtor's motion in the case *sub judice*. *Hall* refused dismissal on debtor's motion under facts where, if the Trustee's actions regarding exemptions were successful, payment would be provided to the unsecured creditors in the Chapter 7 case.

"If the debtors were to dismiss, file a homestead and then file a new bankruptcy there would be no distribution to unsecured creditors. Clearly, the dismissal in this case caused 'some plain legal prejudice' to the creditors, and therefore the motion to dismiss should have been denied unless all creditors affirmatively consented to the dismissal." *Id.* at 917.

Likewise in this case, the Trustee presently has a firm offer to receive settlement proceeds from Lee in a pending libel case which has already been lost once on trial by the Debtor. Future success of that action from the Debtor's standpoint is not certain, but, in the field of litigation, prediction of jury verdicts is far from an exact science. Balanced against the Debtor's testimony that unsecured creditors would likely receive no payment on their claims except from the Lee litigation, it is apparent plain legal prejudice would result to such creditors if the Trustee were now taken out of the settlement position by dismissal of this bankruptcy petition. It could very well be the Trustee, upon further examination of the facts, may elect the litigation to go forward, but at the present time, at least the Trustee has in hand some source of funds to pay claims, which was not present on the date the bankruptcy petition was filed. I conclude the Debtor has failed to show good cause for dismissal under § 707(a) of the Code, and coupled with the total lack of affirmative support from creditors, the Motion to Dismiss is not in the best interest of the creditors.

IT IS ORDERED the Debtor's Motion to Dismiss is denied.