**In re Mae Darlene HARKER, Debtor.**

**Bankruptcy No. 94–14410.**

United States Bankruptcy Court,
E.D. Tennessee,
Southern Division.

April 26, 1995.

Michael T. Circeo, Chattanooga, TN, for debtor.

Shumacker & Thompson, Chattanooga, TN, for C. Kenneth Still, Chapter 7 Trustee.

### MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

This case is before the Court upon the motion of Mae Darlene Harker ("Debtor") to dismiss the case. The Chapter 7 Trustee, C. Kenneth Still, ("Trustee") opposes the motion. For the reasons hereinafter stated, the motion shall be denied.

### I.

The Debtor filed her voluntary petition for relief ("the Petition") under Chapter 7 of Title 11 of the United States Code on Decem-

ber 13, 1994. The motion asserts that the Debtor failed to properly declare all of the property she possessed and to claim all of the exemptions to which she was entitled under Tennessee law. The Debtor further asserts in her motion that she disclosed to the Trustee during the meeting of creditors held pursuant to 11 U.S.C. § 341 that she failed to list all of her property, in particular certain proceeds from the sale of her home. The Debtor acknowledges that the sum of $5,000.00 has now been delivered to the Trustee. Additionally, the Debtor states that she is a cancer patient with operable arthritis in both knees and has, since the filing of her petition, experienced a decline in health. The Debtor also indicates that she will be moving from the jurisdiction of the Court.

A copy of the Motion to Dismiss was served upon all creditors by the Debtor. Notice of the hearing on the motion was served on all creditors by the clerk. No creditor filed an objection to the dismissal, and no creditor appeared at the hearing to oppose the motion. The Trustee appeared at the hearing on the Motion to Dismiss and opposed the motion on the grounds that dismissal was not in the best interest of creditors. The parties have submitted briefs on the issues.

### II.

The initial inquiry on this motion must be whether the Trustee has standing to oppose the Debtor's request to dismiss a case filed voluntarily. In *In re Jackson,* 7 B.R. 616 (Bankr.E.D.Tenn.1980), a case from this district, the failure to object by creditors was deemed to be consent notwithstanding the trustee's objection. To obtain dismissal in *Jackson,* the debtor was required only to deposit with the trustee an amount sufficient to pay all fees, costs and expenses in the case.

Most courts have rejected the *Jackson* constraints placed upon the trustee to object to dismissal when dismissal is not in the best interest of creditors. *Penick v. Tice (In re Scarborough),* 732 F.2d 1211 (4th Cir. 1984); *Gill v. Hall (In re Hall),* 15 B.R. 913

(9th Cir. BAP 1981); *In re Klein,* 39 B.R. 530 (E.D.N.Y.1984). The trustee generally has a better opportunity to determine the facts needed to weigh all factors relevant to whether a dismissal should be allowed. Notwithstanding *Jackson,* this court is not inclined to infer assent to dismissal by creditors who may not possess knowledge of all relevant facts necessary to make an informed decision. The trustee should be permitted to object on behalf of unsecured creditors who do not affirmatively consent to dismissal. *Penick v. Tice, supra* at 1214; *Hall, supra* at 916.

The Bankruptcy Code provides that a case under Chapter 7 may be dismissed for cause. 11 U.S.C. § 707(a). "Cause" is not defined in the Bankruptcy Code. A debtor may seek dismissal pursuant to § 707 but must demonstrate cause. *In re Underwood,* 24 B.R. 570 (D.C.W.Va.1982). Generally, if creditors are prejudiced in any respect by the dismissal or if the trustee has acquired funds for distribution, a request by the debtor for dismissal will be denied. *Thorp Finance Corp. v. Halverson (In re Halverson),* 6 Bankr.Ct. Dec. 241, 1 Collier Bankr. Cas.2d 906, (Bankr.W.D.Wis.1980) (consent of creditors required where case dismissal entails potential detriment to them); *Matter of Williams,* 15 B.R. 655, (E.D.Mo.1981) aff'd 696 F.2d 999 (8th Cir.1982) (Table) (debtor now able to pay debts, but dismissal would prejudice creditors by requiring extended time and forbearance); *In re Reynolds,* 4 B.R. 703, (Bankr.D.Me.1980) (additional debt incurred since filing of original petition is not cause for dismissal and refiling).

The most important consideration for the court to consider when contemplating the dismissal of a Chapter 7 case is whether the dismissal is in the best interest of creditors. *In re Mathis Insurance Agency, Inc.,* 50 B.R. 482 (Bankr.E.D.Ark.1985); *In re Astin,* 77 B.R. 537 (Bankr.W.D.Va.1987).

It is apparent that dismissal of this case would not be in the best interest of creditors. Dismissal would delay, if not preclude, a distribution to creditors. *In re Kapsos,* 18 B.R. 88 (Bankr.S.D.Fla.1982). A dismissal so as to allow Debtor to refile after additional "pre-filing exemption planning" would not be in the best interest of creditors. *In re Carroll,* 24 B.R. 83 (Bankr.N.D.Ohio 1982). If Debtor were permitted to dismiss this case in order to refile so as to include additional postpetition claims, clearly the distribution available to her present creditors would be diminished. *In re Compston,* 161 B.R. 636 (Bankr.N.D.Ohio 1993). Without exception, the reasons for dismissal urged by Debtor are detrimental to her creditors. The benefits of dismissal to be gained by debtor do not constitute cause within the meaning of § 707(a).

The Debtor argues that she has a right to convert this case to a case under Chapter 13 at any time. Because the case has not been previously converted, she is correct. 11 U.S.C. § 706. However, her argument proceeds that after conversion to a case under Chapter 13, noting her likely inability to propose a confirmable plan, the case would be dismissed and the funds presently held by the trustee returned to her. Her reliance upon *Arkison v. Plata (In re Plata),* 958 F.2d 918 (9th Cir.1992) is misplaced. That case involved a conversion from Chapter 12 to Chapter 7. In the present case, a different result would likely obtain. Debtor would not have a right to dismiss her Chapter 13 following conversion from Chapter 7. 11 U.S.C. § 1307(b). Upon the Debtor's failure to obtain confirmation of a plan in a case under Chapter 13, the court may dismiss the case or may convert the case to a case under Chapter 7, whichever is in the best interest of creditors. 11 U.S.C. § 1307(c)(5).

### III.

For these reasons, the Trustee is permitted to object to Debtor's motion to dismiss voluntary petition under Chapter 7 of Title 11 absent affirmative consent to dismissal by all creditors. In this case, the creditors have not assented, and the court finds that dismissal would not be in the best interest of creditors. Accordingly, the Debtor's motion to dismiss her voluntary Chapter 7 petition shall be denied. An appropriate order shall be entered.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.