**In re Jack Emmitt TATE, Jr., Jenny Lou Tate, Debtors.**

**Bankruptcy No. 7–84–00286.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Aug. 6, 1984.

Lamar W. Davis, Roanoke, Va., for debtors.

A. Carter Magee, Jr., Roanoke, Va., Trustee.

Martin R. Willis, Roanoke, Va., for Sovran Bank.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

Two issues are presented to the court for determination: (1) Should the objection of Sovran Bank to the Debtors' Homestead exemption be sustained?, and (2) Should the Debtors' motion to dismiss this case to cure a potential defective perfection of the Homestead Deed due to erroneous filing be sustained?

On March 21, 1984, the Debtors filed their joint petition in this court under a liquidation Chapter 7. Prior thereto, on March 19, 1984, a Homestead Deed was filed in the Clerk's Office of the Circuit Court of Roanoke County, Virginia, at 1:30 p.m.

The Debtors previously had resided in Botetourt County, Virginia, moving therefrom on or about February 15, 1984. They resided for two or three weeks with their parents, thereafter moving to the address of 5207 Lancelot Lane, Kings Arms Apartments, Post Office address Roanoke, Vir-

ginia, where they were residing at the time of filing the petition and recording the Homestead Deed. The Debtors obviously intended the address at Kings Arms Apartments to be their place of residence because the testimony reflects that the Debtors attempted to correctly ascertain whether their residence was situated in the County of Roanoke or in the City of Roanoke for the purposes of perfecting their exemption under Virginia Code Section 34–4[1]. From the information obtained and their geographical location, the Debtors determined for purposes of filing a Homestead Deed that their residence was located in Roanoke County, Virginia. Hence, pursuant to Virginia Code § 34–13 as to personal property and § 34–6 as to real estate, if located in Roanoke County, the Clerk's Office of the Circuit Court of Roanoke County would be the appropriate place for filing the Homestead Deed.

It later was determined, following the recordation of the Homestead Deed and the filing of the petition in this court, that the Debtors' residence was in fact Roanoke City, Virginia.

A review of the Homestead Deed reflects the setting apart of essentially personal property of the Debtors with the possible exception of equity that may exist in their residence situate in Botetourt County, Virginia, from which they moved, to the extent of $1,000. Any equity, to this date, has not been determined and may be non-existent. Many of the personal property items represent interest in some of the items of personal property which are otherwise exempt under Virginia Code § 34–26, and does not require the setting apart by Deed or otherwise, but only needs to be claimed in the petition as exempt property under 11 U.S.C. § 522 and *Federal Bankruptcy Rule* 4003.

From the foregoing facts, the court must apply the rules previously laid down by the courts under similar factual circumstances. As to the location for filing Homestead Deeds, the Fourth Circuit Court of Appeals, in the recent case of *In re Morgan*, 689 F.2d 471 (4th Cir.1982), applying Virginia law as well as the provisions of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 522, held that the erroneous place of filing voided any Homestead exemption claimed under the Virginia statutes. In *Morgan*, the Debtor filed a Homestead Deed in a county other than the county in which he resided. The court denied the exemption.

The Debtor in this case testified that he used every reasonable means to ascertain the appropriate state court for filing of the Homestead Deed and determined that to be Roanoke County. Although good faith, diligence, and reasonable effort was made to properly file and record the Homestead Deed, it nevertheless was erroneously filed and does not meet the standard of the rule in *Morgan, supra*. This court must apply this rule despite the fact that cases uniformly have held that statutes creating debtors' exemptions must be liberally construed in favor of the debtor and the exemption. *See Wilkinson v. Merrill*, 87 Va. 513, 12 S.E. 1015 (1891); *Dickens v. Snellings*, 10 B.R. 949 (W.D.Va.1981); *Bass v. Thacker*, 5 B.R. 592 (W.D.Va.1980). Despite that general principle, the case of *In re Morgan* admits of no exception where the Homestead Deed is filed in an erroneous location.

Under the holding of *In re Morgan* and the respective Virginia Code Sections, the appropriate place for filing of the Homestead Deed as to personal property was the City of Roanoke, Virginia and, as to any interest in real estate, in the County of

---

1. **§ 34–4. Exemption created.**—Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress, or garnishment under §§ 34–26, 34–27, and 34–29, to hold exempt from levy, seizure, garnishment, or sale under any execution, order, or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding $5,000. The word "debt", as used in this title, shall be construed to include a liability incurred as the result of an unintentional tort.

Botetourt, Virginia, wherein the real estate is situate. Since the Homestead Deed was improperly filed in Roanoke County, the exemption must be disallowed.

As to the motion to dismiss, the Debtors and their counsel candidly stated for the record that the purpose of the dismissal was simply to enable the Debtors to refile a Homestead Deed in the proper location and perfect their exemptions therein. The motion to dismiss, likewise, was objected to by the Trustee [2] and by Sovran Bank for the reason that the Debtors would refile following the filing of a Homestead Deed, thereby excluding from and depriving creditors of any estate presently vested in the Trustee due to the failed exemption of the Homestead Deed. With this explicit purpose stated as a matter of record, the motion falls within the framework of the recent case of *In re Hall*, 15 B.R. 913 (B.A.P. 9th Cir.1981), holding that such dismissal, where objected to by creditors as prejudicial, should not be granted under these facts and circumstances. The court adopts the holding of *In re Hall, supra,* as the facts are essentially the same, and the motion to dismiss will be denied.

A perusal of the Homestead Deed reflects that a substantial portion of the property set forth therein may be otherwise exempt. This is particularly true as it relates to cash surrender value of life insurance,[3] household furniture, and sundry other items. Additionally, any equity in real estate is extremely uncertain since the real estate has not been foreclosed by the secured creditor.

Additionally, the Debtors appear to be substantially employed and may wish to consider converting their case to Chapter 13 and propose a Plan to their creditors, which would enable them to retain their property which they sought to exempt and which may constitute an asset available to the Trustee for liquidation under this Chapter 7 case.

In accordance with the foregoing, an Order will appropriately be entered.

---

**2.** The Trustee has standing to object. *See Re: Penick,* 732 F.2d 1211 (4th Cir.1984).

---

**3.** *Virginia Code Section* 38.1–449.