**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: J'AMY LYNN OWENS,

                              *Debtor,*

SHULKIN HUTTON, INC., P.S.,

                              *Appellant,*

v.

KENNETH TREIGER; J'AMY LYNN OWENS; THE BANK OF AMERICA; THE VICENS,

                              *Appellees.*

No. 07-35634

BAP No.
WW-06-01421-KMoR

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Riblet, Klein, and Montali, Bankruptcy Judges, Presiding

Submitted December 11, 2008*
Seattle, Washington

Filed December 31, 2008
Amended January 15, 2009

Before: Ronald M. Gould, Richard C. Tallman, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Gould

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Jerome Shulkin, Shulkin Hutton, Inc., P.S., Mercer Island, Washington, for the appellant.

Charles A. Johnson, Jr., Law Office of Charlie Johnson, Seattle, Washington, for the appellees.

## ORDER

The opinion filed on December 31, 2008 and published at __ F.3d __, 2008 WL 5413313, is AMENDED as follows.

First, the last two sentences before Section II, originally:

> Shulkin Hutton appealed the dismissal to the BAP, which affirmed the bankruptcy court. In its decision, the BAP found that Owens had an annual earning capacity between $150,000 and $800,000.

Shall be replaced by the following:

In its decision, the bankruptcy court noted that Owens had an annual earning capacity between $150,000 and $800,000. Shulkin Hutton appealed the dismissal to the BAP, which affirmed the bankruptcy court.

Second, the last sentence before Section III, originally:

Findings of fact by the BAP are reviewed for clear error. *Wolkowitz v. Shearson Lehman Bros., Inc.* (*In re Weisberg*), 136 F.3d 655, 657 (9th Cir. 1998).

Shall be replaced by the following:

We review the bankruptcy court's factual findings for clear error. *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004).

Third, the first sentence of the second paragraph in Section III, originally:

Here, the BAP determined that Owens has substantial future earning capacity, and we see no clear error in its factual finding.

Shall be replaced by the following:

Here, the bankruptcy court noted that Owens has substantial future earning capacity, and we see no clear error in its factual finding.

**IT IS SO ORDERED.**

---

## OPINION

GOULD, Circuit Judge:

Shulkin Hutton, Inc., P.S. ("Shulkin Hutton"), a law firm creditor of debtor J'Amy Lynn Owens, appeals the decision

of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's dismissal of Owens' Chapter 11 case. We conclude that the bankruptcy court did not abuse its discretion in dismissing Owens' case rather than converting it to Chapter 7, and we affirm.

# I

J'Amy Owens and Ken Treiger were married in 1997 and bought a home ("Maplewood") on Maplewood Place in Seattle using community assets. The couple separated in 2000 and received a final divorce decree on June 19, 2002.

Prior to the divorce decree, Treiger filed for Chapter 13 bankruptcy, later converted to Chapter 7. In an adversary proceeding filed against Owens by the trustee, the bankruptcy court ruled that Maplewood was community property and therefore property of Treiger's Chapter 7 estate. Owens and the trustee then entered into a settlement agreement, in which Owens paid the trustee $215,000 in full satisfaction of all trustee claims against Owens relating to Maplewood, and the trustee conveyed Maplewood to Owens through a quitclaim deed. Treiger's bankruptcy case closed on March 21, 2005.

Owens and Treiger resumed their divorce litigation in Washington Superior Court over the division of their property. On April 17, 2006, the state court ruled that Maplewood was a combination of community and separate property because some of the funds Owens used in purchasing the quitclaim deed were themselves community property. The court ordered Maplewood sold and the proceeds divided equally between the former spouses.

Maplewood was scheduled for sale on September 18, 2006. On September 7, Owens filed for Chapter 11 bankruptcy, claiming Maplewood as her only significant asset. Among Owens' listed unsecured creditors was Shulkin Hutton, to

which she owed legal expenses incurred in an earlier Chapter 11 case.[1]

Treiger filed a motion to dismiss Owens' bankruptcy case as a bad faith filing under 11 U.S.C. § 1112(b) and/or to order a sale free and clear of Maplewood. The bankruptcy court granted the motion, ruling that the bankruptcy was filed in bad faith as a litigation tactic intended to delay Maplewood's sale. In its decision, the bankruptcy court noted that Owens had an annual earning capacity between $150,000 and $800,000. Shulkin Hutton appealed the dismissal to the BAP, which affirmed the bankruptcy court.

## II

We independently review the bankruptcy court's rulings on appeal from the BAP. *Miller v. Cardinale* (*In re DeVille*), 361 F.3d 539, 547 (9th Cir. 2004). We review for abuse of discretion the bankruptcy court's decision under 11 U.S.C. § 1112(b) to dismiss a Chapter 11 case as a "bad faith" filing. *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994). We review the bankruptcy court's factual findings for clear error. *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004).

## III

**[1]** Shulkin Hutton does not challenge the bankruptcy court's determination that there was cause for dismissal. Instead, Shulkin Hutton argues that the bankruptcy court should have converted the case to Chapter 7 rather than dismissing it outright because, as Shulkin Hutton sees it, conversion would be in the "best interests of creditors and the estate." 11 U.S.C. § 1112(b). Yet we conclude that Shulkin Hutton has not shown that conversion would be in the best

---

[1] Owens had previously filed for Chapter 11 bankruptcy on February 19, 2002, and that case closed on July 5, 2005.

interests of Owens' *other* creditors. We agree with the Fourth Circuit that when deciding between dismissal and conversion under 11 U.S.C. § 1112(b), "the court must consider the interests of *all* of the creditors." *Rollex Corp. v. Associated Materials, Inc.* (*In re Superior Siding & Window, Inc.*), 14 F.3d 240, 243 (4th Cir. 1994).

**[2]** Here, the bankruptcy court noted that Owens has substantial future earning capacity, and we see no clear error in its factual finding. Consequently, Owens' other creditors would fare worse under Chapter 7 because the accompanying discharge would deny them access to Owens' future income. *See* 11 U.S.C. § 727(b). We conclude that the bankruptcy court did not base its decision on an erroneous conclusion of law and that the record contained sufficient evidence for the court to decide that the best interests of creditors and the estate would favor dismissal over conversion. We consider this a sufficient basis on which to affirm the decision of the bankruptcy court. *See Benedor Corp. v. Conejo Enters., Inc.* (*In re Conejo Enters., Inc.*), 96 F.3d 346, 351 (9th Cir. 1996).

**[3]** We also reject Shulkin Hutton's argument that the Washington state court had no jurisdiction to divide Maplewood. Shulkin Hutton contends that bankruptcy courts have exclusive jurisdiction over Maplewood because rights to the property were decided by the settlement agreement between Owens and Treiger, and as part of the settlement Owens received a quitclaim deed to Maplewood. *Cf. Henrichs v. Valley View Development*, 474 F.3d 609, 614 (9th Cir. 2007) ("[A] state court judgment entered in a case that falls within the federal courts' exclusive jurisdiction may be collaterally attacked in a district court."). We conclude that there is no jurisdictional problem. When the dissolution decree was entered, Treiger's bankruptcy proceeding had ended, and so there was no competing jurisdictional claim to Maplewood. The state court considered the settlement agreement but found that Maplewood was still community property because a portion of the money that Owens used in the settlement was com-

munity property. Moreover, the state court acted within its jurisdiction even if Maplewood was Owens' separate property. In dissolution proceedings, Washington courts have the power to divide both community and separate property between the parties. Wash. Rev. Code § 26.09.080.

## IV

**[4]** The bankruptcy court's decision to dismiss was supported by the record and was not an abuse of discretion.

**AFFIRMED.**