FILED

JAN 12 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SAMMY CILING and ANKE CILING,<br>　　　　　　Debtors. | BAP No. CC-22-1151-TLF<br><br>Bk. No. 2:22-bk-13456-VZ |
| 5757 WILSHIRE, LLC,<br>　　　　　　Appellant,<br>v.<br>SAMMY CILING; ANKE CILING;<br>SEYEDJALIL MIRJAFARIFIROOZABADI,<br>　　　　　　Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and FARIS, Bankruptcy Judges.

## INTRODUCTION

5757 Wilshire, LLC appeals the bankruptcy court's order granting

Sammy Ciling and Anke Ciling's motion to dismiss their voluntary

chapter 11[1] petition under § 1112. It argues that dismissal works "plain

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

legal prejudice" on the creditors, thus requiring that the motion be denied or the case converted to chapter 7. We do not discern an abuse of discretion in granting the motion. Accordingly, we AFFIRM.

**FACTS[2]**

The Cilings filed a chapter 11 petition, scheduling as principal assets an over-encumbered home and the 100% ownership of two businesses: California Medical Imaging, Inc. with a stated value of unknown; and Sanath, Inc. with a stated value of $0.00 (collectively, the "Corporations"). Their most significant scheduled debt was a $2.9 million judgment arising from the alleged breach of an agreement to sell a percentage of the Corporations to the judgment creditor and fraudulently inducing the judgment creditor to enter into a stock purchase agreement. Finally, their Schedules I and J evidenced net income of negative $6,500 per month.

Two weeks after filing the petition, Debtors filed their motion to dismiss. They explained that Mr. Ciling's father was very ill in Turkey, they traveled there to aid him, and they were unable to manage their chapter 11 case as a result.

Appellant, an unsecured creditor, and the judgment creditor opposed the motion, although neither disputed that Debtors needed to stay in

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Turkey indefinitely. Instead, both argued that the case should be converted to chapter 7 rather than dismissed.

While both mentioned the ability to recover fraudulent transfers or to set aside fraudulent liens, Appellant also argued that conversion would allow subordination of the judgment creditor's claim under § 510(b). That option, it argued, was available only in a bankruptcy case and therefore dismissal resulted in plain legal prejudice to it and the other creditors.

Debtors replied to the oppositions, disputing generally that they concealed any assets or fraudulently gave liens on their home. They also disputed that § 510(b) applied to the judgment.

At the hearing, the bankruptcy court commented that it would not consider conversion to chapter 7:

> [I]n the opposition there was a request that I order an alternative remedy of conversion of the case to Chapter 7. I note that there are cases – there are courts that have determined that it is within the discretion of the court to order alternative remedy [sic]. I'm not convinced that that's appropriate when there has not been notice given to all creditors and all parties-in-interest of the possibility of that remedy being sought. And that is not the case here. So I will not consider conversion as a possible alternative.

As to dismissal, the bankruptcy court commented that Debtors were unlikely to carry out their duties as fiduciaries of the estate. But it also noted significant concerns about Debtors' conduct and the significant prejudice to creditors if Debtors refiled soon after case dismissal. Therefore,

the bankruptcy court dismissed the case as requested by Debtors but also restricted their ability to file a subsequent chapter 11 or 13 case without court authorization.

Appellant timely appealed. The judgment creditor did not appeal or otherwise join in the appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.[3]

## ISSUE

Did the bankruptcy court abuse its discretion by granting Debtors' motion to dismiss their chapter 11 case?

## STANDARD OF REVIEW

We review the bankruptcy court's decision to dismiss a case under an abuse of discretion standard. *Sullivan v. Harnish (In re Sullivan)*, 522 B.R. 604 (9th Cir. BAP 2014) (citing *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999)). We apply a two-part test to determine whether the bankruptcy court abused its discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether

---

[3] We acknowledge that Appellee questions Appellant's standing on appeal and, thus, our jurisdiction. We also acknowledge that Appellant's claims against the Debtors are based on alter ego allegations. But we find colorable evidence of standing on this record which includes Appellant's post-bankruptcy litigation against Debtors seeking recovery on this basis and the evidence in the record suggesting Debtors' control and fraud in relation to the Corporations.

the bankruptcy court applied the correct legal standard to the relief requested. *Id.* Then, we review the bankruptcy court's fact findings for clear error. *Id.* at 1262 & n.20.

Under the abuse of discretion standard, a reviewing court cannot reverse absent a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors. *See Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (under abuse of discretion standard, the court reverses only when it is "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the …circumstances.") (citation omitted).

## DISCUSSION

### A.    Section 1112

Section 1112(b)(1) provides in relevant part that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." Section 1112(b)(4) provides a non-exclusive list of causes for dismissal or conversion.

Once cause is found, the bankruptcy court must also: (1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. § 1112(b)(1), (b)(2). *See*

5

*also Shulkin Hutton, Inc., P.S. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009) ("[T]he court must consider the interests of all of the creditors." (citation omitted)).

Here, the bankruptcy court found cause to dismiss given Debtors' inability to fulfill their obligations as debtors in possession. The bankruptcy court also noted that after dismissal the creditors would (1) be free to pursue their remedies, including avoidance of alleged fraudulent transfers and seizure of alleged undisclosed assets, and (2) be protected from subsequent filings by the refiling restrictions it imposed.

**B.   A finding that there is no plain legal prejudice to creditors before dismissing the chapter 11 case is not required.**

Appellant argues that the bankruptcy court applied an incorrect legal standard in dismissing the case. In its view, dismissal caused the loss of the § 510(b) arguments, this constituted plain legal prejudice, and, under Ninth Circuit precedent, dismissal was inappropriate. We review that issue de novo.

Appellant cites *Gill v. Hall (In re Hall)*, 15 B.R. 913, 917 (9th Cir. BAP 1981), and *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996), as supporting its position that the bankruptcy court cannot dismiss a chapter 11 case if there is plain legal prejudice to creditors. Neither case adequately supports Appellant's argument.

In *Hall*, the bankruptcy court granted the debtors' request to dismiss their voluntary chapter 7 under § 707. The debtors requested dismissal so

6

that they could then file a homestead declaration, refile the chapter 7, and save their home. The BAP reversed on the basis that there was no cause for dismissal because of the "plain legal prejudice to the creditors[.]" *In re Hall*, 15 B.R. at 917.

The BAP cited a Ninth Circuit case brought under Chapter XI of the Bankruptcy Act, *Schroeder v. Int'l Airport Inn P'ship (In re Int'l Airport Inn P'ship)*, 517 F.2d 510 (9th Cir. 1975), where the Ninth Circuit affirmed the dismissal ruling by the bankruptcy referee, explaining: "unless dismissal will cause some plain legal prejudice to the creditors, it normally will be proper." *Id.* at 512 (citing 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2364 at 165 (1971)). The debtor's motion to dismiss was brought under Section 59g of the Bankruptcy Act, former 11 U.S.C. § 95(g) [Act of July 1, 1898, ch. 541, 30 Stat. 544, *as amended* (repealed 1978)], which the bankruptcy court noted was analogous to Civil Rule 41(a)(2) which is substantially different than § 1112.[4]

---

[4]The statute, as quoted by the Ninth Circuit, provided in pertinent part:

> A voluntary or involuntary petition shall not be dismissed upon the application of the petitioner or petitioners . . . until after notice to the creditors as provided in section 94 of this title, and to that end the court shall, upon entering an application for dismissal, require the bankrupt to file a list . . . of all his creditors, with their addresses, shall cause such notice to be sent to the creditors of the pendency of such application and shall delay the hearing thereon for a reasonable time to allow all creditors and parties in interest an opportunity to be heard.

*In re Int'l Airport Inn P'ship*, 517 F.2d at 512 n.2 (quoting former 11 U.S.C. § 95(g)).

In *Int'l Airport Inn P'ship*, the debtor's principal asset was an over-encumbered motel, and likely complex litigation loomed. *Id.* at 511. In granting dismissal, the referee emphasized the possibility that the estate's assets would be insufficient to pay administrative expenses. *Id.*

The Ninth Circuit found no abuse of discretion in the dismissal:

> The appellants have pointed to nothing which in our view amounts to plain legal prejudice. The dismissal occurred early in the proceedings, less than two months after the filing of the petition and before the appointment of a trustee or a creditors' committee. The appellants are free to pursue their remedies in state court, and because Section 391 of the Bankruptcy Act, 11 U.S.C. s 791, suspends the running of all periods of limitations prescribed by the Bankruptcy Act during the pendency of proceedings under Chapter XI, the dismissal did not prejudice the appellants' right to commence involuntary bankruptcy proceedings.

*Id.* at 512.

In short, while *Hall* and *Int'l Airport Inn P'ship* allude to plain legal prejudice in the context of an Act case and a chapter 7 case, they do not state that a chapter 11 bankruptcy case may not be dismissed if there is some plain legal prejudice to some creditors.

*Westlands Water District* helps Appellant even less. That case involved litigation unrelated to any bankruptcy case. There the district court granted plaintiff's motion to dismiss its action without prejudice under Civil Rule 41(a)(2). The Ninth Circuit affirmed on the basis that the district court's

factual finding of no plain legal prejudice was not clearly erroneous. *Westlands Water Dist.*, 100 F.3d at 96.

Debtors obtained dismissal of a chapter 11 case pursuant to § 1112(b), which contains no language requiring a finding of no plain legal prejudice to the creditors before dismissal. In fact, § 1112(b) mandates that the court convert or dismiss, "whichever is in the best interests of creditors and the estate." Appellant's position requires the bankruptcy court to focus on the rights and interests of the creditors rather than balance the equities of the various parties in interest including the estate. Appellant's position adds language to § 1112 that is not there.

We agree that the bankruptcy court applied the correct legal standard when it rejected Appellant's argument that a finding of plain legal prejudice to certain creditors mandated denial of the motion.

## C. The bankruptcy court's decision was not an abuse of discretion.

In determining whether to dismiss the case, the bankruptcy court was required to consider the best interests of all creditors. *In re Owens*, 552 F.3d at 961. It had an independent obligation under § 1112 to consider what would happen to all creditors on dismissal and, in light of its analysis, whether dismissal or conversion would be in the best interest of all creditors, not just the largest and most vocal creditor. *In re Sullivan,* 522 B.R. at 613 (citations omitted).

Here, forcing the case to remain in bankruptcy might benefit some of the unsecured creditors by ultimately subordinating the judgment creditor

but that would not benefit the judgment creditor who, according to the schedules, is the largest creditor by far. And the benefit to other creditors would be speculative at best. There is no evidence that the estate had the resources necessary to litigate the § 510(b) claims against the judgment creditor; that Appellant offered to fund the litigation; or that if successful, the litigation would provide any benefit to creditors given that the principal assets appear worthless. Appellant argues that the Corporations must have value given the award to the judgment creditor. But at oral argument it did not dispute Debtors' assertion that the Corporations are in a receivership and non-functioning. And finally, administrative creditors would be in the unenviable position of having to deal with an estate that appears administratively insolvent.

These factors, coupled with the enormous difficulty of administering a bankruptcy case involving absent debtors and capturing post-petition income from debtors outside the United States sufficiently justified the decision to allow dismissal.

**D.    Refusal to consider conversion to chapter 7 was harmless error.**

Section 1112(b)(1) requires a court to consider whether conversion is a better option from the perspective of creditors and the estate once cause to dismiss or convert is found. The bankruptcy court's statement at the hearing that it would not consider conversion was error, but it was harmless.

Appellant requested conversion in its opposition to Debtors' motion to dismiss. But it did not argue in its opening brief on appeal that the bankruptcy court's refusal to consider conversion at the hearing was reversible error. It merely commented, just before its conclusion, that the refusal "confirms the Court's lack of reliance on § 1112(b) to dismiss the case because once cause is shown under § 1112(b), conversion to chapter 7 is clearly an available remedy based on the best interests of creditors." The argument is therefore waived. *See Christian Legal Soc'y v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) ("We review only issues [that] are argued specifically and distinctly in a party's opening brief." (citation omitted)).

Even if it were not waived, the reasons already outlined make clear that conversion was not a viable option. The chapter 7 trustee would have little to no ability to compel Debtors to act while in Turkey and would be saddled with the obligation to administer an estate that is administratively insolvent on its face. The litigation would be expensive with no visible means for paying counsel to pursue it, and the litigation would presumably be vigorously opposed if likely to affect any interest in valuable assets. Outside of bankruptcy, the unsecured creditors have a full range of options.

For the reasons stated, the bankruptcy court's refusal to consider conversion to chapter 7 was harmless error.

## CONCLUSION

Based on the foregoing, we AFFIRM.